IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No.:   07-20168-22-JWL |
| vs. | ) |
| KEITH MCDANIEL, | ) |
| Defendant. | ) |

**DEFENDANT KEITH MCDANIEL'S OBJECTIONS TO
THE PRESENTENCE INVESTIGATION REPORT**

Comes now the above Defendant Keith McDaniel by and through counsel and files this his formal Objections to the Presentence Report.

1. Defendant, as required, filed objections to the Presentence Report with U.S. Probation Officer Michelle M. Caples within the appropriate time as dictated by the Department of Probation.

2. Defendant notes that all said objections were correctly reported in the updated and revised Presentence Investigation Report dated September 2, 2009.

3. Defendant incorporates herein by reference thereto all of his said objections herein by reference thereto. Defendant recognizes that most of his objections do not affect sentencing by this Honorable Court but he, out of an abundance of caution, does not wish to waive the same.

4. Specifically, without limitation of the above, Defendant objects to the following with regard to the Report:

    (a) The Drug Summary, p. 35, paragraphs 172, 173, 174 and 175.

   (b) The Offense Level Computations, pp. 37 and 38, paragraphs 183, 186 and 193.

5. Defendant further specifically objects to the Adjustment for Role in the Offense, p. 37, paragraph 186 of the report.

6. With regard to the Drug Summary, it appears from Paragraph 172, "that the alleged drug quantities discussed in the August 13, 2007, January 28-30, 2008, September 15, 2007 phone calls and those discussed by Maurice Matches and Cruz Santa Ana are deemed to be included in quantities stored at residences by Defendant McDaniel."

Defendant respectfully notes, that factually at best, without agreement to the same, that the calls on August 13, 2007 involved <u>a</u> bad kilo of cocaine alleged to have been purchased by McDaniel from Wesley.  Further, the calls of January 28-30, 2008 were calls trying to get Defendant McDaniel to sell cocaine to witness Tarrents instigated by the DEA.  The aforesaid transaction led to Defendant McDaniel selling <u>plaster dust</u>, to Mr. Tarrents, not drugs.  Next, the call of September 15, 2007, has been interpreted by the Government to imply Defendant McDaniel was ordering a one-half kilo of cocaine.  No more.

Lastly, neither Maurice Matches nor Cruz Santa Ana testified at trial.  Their statements, however, never indicated they purchased or sold any drugs directly from or to Defendant McDaniel.  Their reports and the material contained therein are unreliable and unsubstantiated hearsay and are denied by Defendant McDaniel.

7. Relating to witness Tarrents and the calculation contained therein in paragraph 173, the Defendant McDaniel denies the same as being false, inaccurate and incorrect.

The PSI Report has concluded, see paragraph 122 of the report, that over a three to four year period beginning in 2003 or 2004 Tarrents stored approximately one kilogram per week for

Defendant McDaniel. That conclusion comes from a report the DEA took from Tarrents after a stop for expected narcotics involvement on June 22, 2007. The report concluded there are 156 weeks in a three year period; therefore this establishes approximately 156 kilos of cocaine.

However, the witness Tarrents gave a contrary statement to the Government on February 1, 2008, where he stated Defendant McDaniel would <u>front him</u> a kilo of cocaine. He also said in late 2006 he stopped selling for McDaniel and never mentioned or estimated quantities of cocaine stored or sold by him for Defendant McDaniel.

At trial witness Tarrents, again at odds with the above, said he met Defendant McDaniel in 2004 and dealt with him through June of 2007, a contradiction to the report of February 1, 2008, mentioned hereinabove. Further, at trial witness Tarrents did not, as recalled, testify to a specific quantity of drugs he allegedly sold for Defendant McDaniel, nor did he give an estimate that could be relied upon as probative of the same.

8. Defendant McDaniel objects to the inclusion of any alleged drugs outside the scope of the purported conspiracy. Witness Tarrents' date unknown in 2003 includes a period of time before the alleged conspiracy herein commenced in January of 2006. 2003 is also two years before Co-Defendant Humphrey met Co-Defendant Wesley as per Co-Defendant Humphrey's testimony. Likewise, an unknown date in 2004 also includes time before the conspiracy contained in the indictment and one year before Co-Defendant Humphrey met Co-Defendant Wesley, Defendant's herein alleged supplier in this conspiracy.

9. In the Presentence Calculation there are also alleged amounts stored and sold to Devon House by Defendant McDaniel. Mr. House did not testify so the PSI report to the extent it relies on Mr. House's report is relying on unsubstantiated, unreliable hearsay all of which is denied by Defendant McDaniel.

10. With regard to the total calculation in paragraph 175 it is noted that the wiretaps commenced in this matter in August of 2007. During all the time from August of 2007 through November 27 of 2007, the Government played and presented as evidence only four phone calls as representative of Defendant McDaniel's purchase of drugs. The calls in August of 2007 related allegedly to one kilo of bad cocaine. The call in November of 2007 related allegedly to one kilo of cocaine. The remainder of the calls were apparently non-pertinent as it relates to the alleged purchase of drugs by Defendant McDaniel from the Defendants Wesley and Foy.

11. In the case at bar, this Honorable Court is charged with determining or estimating drug quantities attributable to Defendant McDaniel. In that regard, this Court must rely upon information that "has some basis of support in the facts of this case" and that bears "sufficient indicia of reliability." U.S. v. Garcia, 994 F.2d 1499, 1508 (10th Cir. 1993). It is respectfully submitted by the Defendant herein that the above set forth material belies the "sufficient indicia of reliability" and is not supported by the facts of the case.

It is the Government that has the burden of proving the drug quantities by a preponderance of the evidence. United States v. Richards, 27 F.3d 465, 468 (10th Cir. 1994). In this case the finding in the PSI Report is an unreliable estimate, a guess, and it is respectfully requested that this Honorable Court in the course of sentencing Defendant not rely upon the same.

12. Relating to the PSI Report's adjustment for Role in the Offense, Defendant objects for the reasons set forth below.

The report has concluded, without credible evidence to support the conclusion, that Defendant McDaniel was a manager or supervisor of the conspiracy.

It is the Government's job to prove by a preponderance of the evidence the facts necessary to establish the applicability of the enhancement in Sec. 3B.1.1(b) U.S.S.G., United States v. Camacho, 137 F.3d 1220, 1224 (10th Cir. 1998).

There is no credible evidence with regard to the relationship between Defendant Keith McDaniel and Devon House, if one existed. There exists only unsubstantiated hearsay as to the relationship, how it came to exist and each parties' role in the same. Mr. House did not testify, nor did Mr. Tarrents allude, to how the purported relationship arose or the role played by each in the same. There is no credible evidence to show recruitment or management by Defendant McDaniel with regard to Devon House.

With regard to Mr. Tarrents, all the credible evidence shows he was a drug dealer for one Art Price before ever meeting Defendant McDaniel. That he entered into a relationship with Defendant McDaniel, which is denied by Defendant McDaniel, voluntarily because it was beneficial to him and not because he was recruited. There is no credible evidence to substantiate he was managed or supervised by Defendant McDaniel. In fact at trial he testified Defendant McDaniel fronted him the drugs which he in turn packaged and sold.

Defendant respectfully pleads there is not sufficient credible evidence to support a finding by the preponderance that he was a manager or supervisor within the alleged conspiracy. Further, there was no evidence to show Defendant McDaniel's activity specifically involved five or more participants or was otherwise extensive. See, U.S.S.G. Sec. 3B1.1(b). Defendant respectfully prays that the proposed enhancement be held for naught.

Respectfully submitted,

SEIGFREID, BINGHAM, LEVY,
SELZER & GEE

/s/ Fred Bellemere, III
Fred Bellemere III    KS # 22302
2800 Commerce Tower
911 Main Street
Kansas City, Missouri  64105
816-421-4460
Fax:  816-474-3447
fbellemere@sblsg.com
ATTORNEYS FOR DEFENDANT
KEITH MCDANIEL

## CERTIFICATE OF SERVICE

It is hereby certified that I electronically filed the foregoing Defendant Keith McDaniel's Objections to the Presentence Investigation Report with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record through the CM/ECF system, this 17th day of September, 2009.

Terra D. Morehead
Assistant United States Attorney
Terra.Morehead@usdoj.gov

/s/ Fred Bellemere, III
Attorney for Defendant
Keith McDaniel