**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 07-20168 |
| ) | |
| **KEITH MCDANIEL,** ) | |
| ) | |
| **Defendant.** ) | |

**MEMORANDUM AND ORDER**

Defendant Keith McDaniel was convicted of conspiracy to manufacture and to possess with intent to distribute cocaine and cocaine base. He received a 360-month prison sentence. His case is currently on appeal to the Tenth Circuit Court of Appeals, No. 09-3273.

Mr. McDaniel has now filed a Declaration (doc. 1313), claiming that he is serving an illegal sentence because the Government falsified evidence at trial. He requests an evidentiary hearing to prove his allegations.

The substance of Mr. McDaniel's argument is a § 2255 claim, challenging the validity of his sentence and detention. *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965). Indeed, the "exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Id.* Ordinarily, prior to construing any motion as a § 2255 petition, the court would provide

a defendant with an opportunity to withdraw the filing. *See, e.g.*, *United States v. Torres*, 282 F.3d 1241, 1245-46 (10th Cir. 2002) (permitting prisoner the option of withdrawing motion allows a prisoner the option of forgoing his motion until later, so that it does not "prevent [him] from raising a legitimate claim in a subsequent § 2255 petition").

Here, however, that will not be necessary because even if the court construed Mr. McDaniel's declaration as a § 2255 motion, the court would not entertain the motion at this time. It is premature given Mr. McDaniel's pending direct appeal.

Typically, § 2255 motions are filed after the prisoner's avenues of relief through direct appeal are no longer available. Indeed, the general rule is that "a defendant may not simultaneously pursue direct and collateral relief." *United States v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (citing *United States v. Cook*, 997 F.2d 1312, 1318-19 (10th Cir. 1993)). But, according to the Tenth Circuit, the fact that a direct appeal is pending at the time the motion is filed does not extinguish the district court's jurisdiction to review the § 2255 motion. *Prows*, 448 F.3d at 1228.

Nevertheless, the Tenth Circuit cautioned that although "there is no jurisdictional barrier to a district court entertaining a § 2255 motion while a direct appeal is pending, [it should] do so [only] in extraordinary circumstances given the potential for conflict with the direct appeal." *Id.*; *see also* Rules Governing § 2255 Proceedings, Rule 5, advisory committee note ("[T]he orderly administration of criminal law precludes considering [a Section 2255 motion during the pendency of a direct appeal] absent extraordinary circumstances."). If the issues on appeal overlap with the issues raised in

2

the § 2255 motion, the potential for conflict exists. "[T]he relevant concern with dual proceedings is not one of jurisdiction, but rather one of judicial economy." *Prows*, 448 F.3d at 1228 (internal citation omitted).

Here, the issue Mr. McDaniel raises in his Declaration is nearly identical to an argument he presented to the Tenth Circuit. As such, the possibility for conflict exists, and the court would be unwilling to entertain Mr. McDaniels' motion, even construed as a § 2255 petition.

**IT IS ORDERED BY THE COURT** that defendant's Declaration (doc. 1313), docketed as a motion for miscellaneous relief, is **denied**.

**IT IS SO ORDERED** this 13th day of April, 2011.

           s/ John W. Lungstrum
           John W. Lungstrum
           United States District Judge