0IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff/Respondent,**

**v.**                                                                             Case No. 07-20168-22-JWL
                                                                                  Case No. 13-2083-JWL

**Keith McDaniel,**

    **Defendant/Petitioner.**

## **MEMORANDUM & ORDER**

On February 1, 2008, Keith McDaniel was charged along with twenty-three other individuals in a 39-count superseding indictment. Mr. McDaniel was charged in Count 1 with conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine and/or cocaine base, *see United States v. McDaniel,* 433 Fed. Appx. 701 (10th Cir. 2011), and in Count 34 with using a communication facility on November 26, 2007 to commit, cause and facilitate the conspiracy charged in Count I. He proceeded to trial on both counts. At trial, the court admitted into evidence multiple recorded telephone conversations between the conspirators which investigating officers had intercepted through wiretaps. *See id.* at 702. Seven of these conversations involved Mr. McDaniel. *Id.* The jury found Mr. McDaniel guilty of the conspiracy charged in Count 1 and not guilty on Count 34 and, thereafter, the court sentenced Mr. McDaniel to 360 months' imprisonment.

Mr. McDaniel filed an appeal with the Tenth Circuit in which he challenged the admissibility of the wiretap recordings that were attributed to him on the grounds that the government's witnesses failed to establish sufficient familiarity with Mr. McDaniel's voice to

identify it on the recordings; and the wiretap applications were deficient and the wiretaps were not necessary to the investigation. The Circuit affirmed the court's rulings, concluding that the admission of the recordings was supported by sufficient evidence to satisfy Federal Rule of Evidence 901 and that the court properly refused to suppress the wiretap evidence.

This matter is now before the court on Mr. McDaniel's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (doc. 1551) and his motion for discovery (doc. 1577) relating to his motion to vacate. In his § 2255 motion, Mr. McDaniel raises eight separate claims wherein he contends that the performance by trial and appellate counsel was deficient in violation of his Sixth Amendment right to counsel.[1] "To establish ineffective assistance of counsel, a defendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). As will be explained, the court denies each of Mr. McDaniel's claims and denies Mr. McDaniel's request for an evidentiary hearing.[2] The court also denies Mr.

---

[1] In his motion, Mr. McDaniel separately identifies only three claims of ineffective assistance of counsel. Nonetheless, the court discerns additional, distinct claims within each of the three claims identified by Mr. McDaniel. For clarity, then, the court addresses each of these claims separately.

[2] In his reply brief, Mr. McDaniel asserts that, at a minimum, he is entitled to an evidentiary hearing on those claims that the government did not specifically address in its response, suggesting that the government has somehow conceded certain facts or claims. The rules governing § 2255 proceedings, however, do not require the government to respond to every separate claim individually (in fact, the government is not required to respond at all unless the court orders a response) and a strict requirement that the government answer each and every claim separately is not only burdensome (where such claims are often not discernible and quite numerous) but impractical. *See Lewis v. United States*, 2010 WL 3937596, at *15 & n.21 (N.D. W. Va. July 29, 2010) (citing Rule 5(b) of the Rules Governing Section 2255 Proceedings).

2

McDaniel's motion for discovery in which he seeks the grand jury testimony of Officer Eric Jones and to have the prosecutor admit or deny requests for admission. With respect to the request for the grand jury testimony of Officer Jones, the motion is denied because he has not shown the requisite "good cause" for the discovery. Specifically, Mr. McDaniel has not offered any specific allegations on what facts would be developed through the grand jury transcript that might entitle him to relief on any of his claims. With respect to the requests for admission, the motion is denied for failure to comply with Rule 6(b) of the Rules Governing Section 2255 Proceedings, which requires that any proposed requests for admission be included in the discovery request. Mr. McDaniel asserts in his motion that he has attached the requests for admission but, in fact, no requests are attached.

**Failure to Move to Dismiss Indictment for Violation of Rule 7(c)(1)**

For his first assertion of error, Mr. McDaniel claims that his Sixth Amendment rights were violated when his trial counsel failed to move to dismiss Count 1 of the indictment based on an asserted violation of Federal Rule of Criminal Procedure 7(c)(1). According to Mr. McDaniel, the conspiracy charge did not identify any of the seven phone calls used to convict Mr. McDaniel and did not state the times and dates of the calls; the acts facilitated by the calls; or which controlled substance was involved in each call. The claim is denied as Mr. McDaniel cannot establish a violation of Rule 7(c)(1) and, thus, cannot establish prejudice as a result of his

---

Moreover, even assuming that the government has failed to address one or more claims asserted by Mr. McDaniel, the court is required to determine whether Mr. McDaniel's motion, on its own, alleges facts that, if true, warrant an evidentiary hearing. His motion does not allege such facts.

counsel's failure to raise the issue. *See United States v. Fortune*, 41 Fed. Appx. 318, 319 (10th Cir. 2002) (counsel's failure to raise an issue cannot be deemed deficient where the issue lacks merit).

Federal Rule of Criminal Procedure 7(c)(1) requires that the indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). The Tenth Circuit has held that an indictment must plead facts "sufficient to inform the defendant of the charges against him to enable him to prepare a defense and to safeguard him from double jeopardy." *United States v. DeVaughn*, 694 F.3d 1141, 1146, n.3 (10th Cir. 2012). In the context of a conspiracy case, the Circuit requires an indictment to aver the essential elements of conspiracy as well as the "essential elements upon which the underlying offense rests," but does not require the indictment to allege "the underlying offense with the same degree of specificity that is required to charge the offense itself." *United States v. Bedford*, 536 F.3d 1148, 1155 n.6 (10th Cir. 2008).

The indictment in this case charges a conspiracy "beginning in or about January 2006 and continuing to on or about November 27, 2007 . . . in the District of Kansas and elsewhere" in which Mr. McDaniel and other identified co-conspirators

> knowingly and intentionally combined, conspired, confederated and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to manufacture, to possess with intent to distribute and to distribute 50 grams or more of cocaine base "crack," a controlled substance and, to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a controlled substance, all in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(ii), (b)(1)(A)(iii) and Title 18, United States Code, Section 2.

> This was all in violation of Title 21 United States Code, Section 846.

Mr. McDaniel, then, is correct that the indictment does not mention the fact or substance of the phone calls used to convict Mr. McDaniel of the conspiracy. But the law does not require that an indictment detail the factual proof that will be relied upon to support the charges, particularly when the indictment sets forth an offense in the words of the statute itself, as long as those words set forth all the elements necessary to constitute the offense intended to be punished. *United States v. Doe*, 572, F.3d 1162, 1173-74 (10th Cir. 2009). Here, the indictment uses the words of the conspiracy statute itself and includes the date, place and nature of the conspiracy charged. Because the indictment provides Mr. McDaniel with adequate notice of the nature and cause of the accusations filed against him (and, indeed, he does not contend otherwise), the indictment is sufficient under Rule 7(c)(1) and he cannot establish ineffective assistance of counsel based on his counsel's failure to raise the issue. *See Valdez v. McKune*, 266 Fed. Appx. 735, 740 (10th Cir. 2008) (denying habeas relief where petitioner argued that information charging conspiracy was fatally defective because it did not allege an overt act; petitioner did not establish that the information failed to provide him with notice of accusations against him); *United States v. Guillen-Zapata*, 240 Fed. Appx. 797, 799 (10th Cir. 2007) (counsel not ineffective for failing to challenge conspiracy indictment based on indictment's failure to identify end date for conspiracy; indictment sufficient because it set forth elements of charged offense and put defendant on fair notice of the charge).

**Failure to Move to Dismiss Indictment for Prosecutorial Misconduct**

Mr. McDaniel contends that his trial counsel was ineffective because he did not move to dismiss Count 1 of the indictment based on prosecutorial misconduct. Specifically, Mr. McDaniel asserts that the government knowingly "sought an indictment in the State of Kansas" based on conduct—the November 26, 2007 phone call between Mr. McDaniel and Monterial Wesley—that occurred solely in the State of Missouri and purposely withheld this information from the grand jury. The claim is denied because Mr. McDaniel cannot establish the requisite prejudice from his counsel's failure to make this argument. His counsel made a related argument to this court in connection with Mr. McDaniel's motion for judgment of acquittal and for new trial. Therein, Mr. McDaniel's counsel argued that the court erred in not instructing the jury on venue for Count 1. As the court explained in rejecting that argument, venue in a conspiracy case is proper in any district where the conspiratorial agreement is formed or where an overt act in furtherance of the conspiracy is committed by any of the conspirators. *United States v. Durham*, 139 F.3d 1325, 1329 (10th Cir. 1998). The Tenth Circuit has made clear that for the purposes of venue, "the acts of any conspirator are imputed to the other conspirators." *United States v. Miller*, 111 F.3d 747, 753 n.8 (10th Cir. 1997).

Contrary to Mr. McDaniel's suggestion, then, the fact that he was acquitted of Count 34, which required an explicit finding of Kansas as the venue, and convicted of Count 1 does not raise a venue concern. Substantial evidence was presented by the government of various co-conspirators' overt acts in Kansas. No prosecutorial misconduct, then, occurred by virtue of the fact that the government indicted Mr. McDaniel for conspiracy in Kansas and his counsel was not ineffective for failing to raise an argument that clearly lacks merit. *See United States v.*

*Fortune*, 41 Fed. Appx. 318, 319 (10th Cir. 2002) (counsel's failure to raise an issue cannot be deemed deficient where the issue lacks merit).[3]

**Failure to Object to or Move to Suppress Certain Evidence**

In his motion, Mr. McDaniel contends that his counsel should have objected to or moved to suppress each of the recorded telephone conversations involving Mr. McDaniel as well as the transcripts of those conversations that identified Mr. McDaniel as a speaker on the recordings. While the nature of Mr. McDaniel's argument is not entirely clear, he appears to claim that the recorded conversations should have been suppressed because Mr. McDaniel was never identified as a target in any of the government's wiretap applications in violation of 18 U.S.C. § 2518(1)(b)(iv) and that the transcripts should have been excluded because the government "altered" that evidence days before trial by inserting Mr. McDaniel's name in the place of "Unknown Male." Both arguments lack merit.

18 U.S.C. 2518(1)(b)(iv) requires that the application for a wiretap order contain "the identity of the person, if known, committing the offense and whose communications are to be intercepted." *United States v. Mitchell*, 274 F.3d 1307, 1312 (10th Cir. 2001). According to Mr. McDaniel, he was clearly "known" to investigators at the time of the wiretap applications because the government has insisted throughout this case (in response to Mr. McDaniel's

---

[3] In a related vein, Mr. McDaniel asserts in his reply that because the conduct charged in Count 34 was the "sole basis" for the government's decision to charge Mr. McDaniel in the conspiracy, the court lost jurisdiction to impose a judgment against Mr. McDaniel on the conspiracy charge when it dismissed Count 34 for lack of venue. This argument is rejected. As demonstrated by substantial evidence at trial, Mr. McDaniel's role in the conspiracy was not limited to the November 26, 2007 phone call charged in Count 34.

7

motion to suppress evidence obtained from the November 27, 2007 stop and search of Mr. McDaniel and the vehicle he was driving) that they knew about Mr. McDaniel since at least June 2007 when they arrested Danny Tarrants—two months prior to the first wiretap application. There is nothing in the record before the court, however, demonstrating that the government or investigators had sufficient knowledge of Mr. McDaniel's relationship to any targeted phone to list him on the initial application despite the fact that they knew that Mr. McDaniel was participating in drug trafficking activities within the conspiracy. And once investigators began intercepting calls, there is no evidence that investigators had sufficient knowledge that it was Mr. McDaniel whose voice had been intercepted on the recordings.

As Officer Jones testified at trial, investigators were not able to positively identify Mr. McDaniel on the recordings until "almost the end of our intercepts." Indeed, the record reflects that investigators initially attributed the two phone numbers ultimately attributed to Mr. McDaniel at trial to Marcus McDaniel and Chauncey Anderson in light of several factors, including the fact that Mr. McDaniel was not the subscriber to the phone numbers and, at least with respect to one phone, the individual associated with it exclusively used the nickname "Harv." While the government ultimately was able to ascertain that Mr. McDaniel was "Harv" as was the individual using the two phone numbers, it was not able to do so in sufficient time to list him in the wiretap applications or extensions despite its general knowledge of Mr. McDaniel's membership in the conspiracy. In short, Mr. McDaniel has not shown that the government or investigators knew at the time they filed any applications or extensions that Mr. McDaniel was using any of the designated telephones such that they intended to intercept his

communications. No violation of § 2518(1)(b)(iv), then, was committed and Mr. McDaniel can show no prejudice based on his counsel's failure to raise the issue.[4]

With respect to his claim that the government "altered" evidence such that his counsel should have objected to its admission, Mr. McDaniel similarly cannot establish prejudice by his counsel's failure to do so. To be clear, Mr. McDaniel does not contend that the government modified the audio recordings in any way; he asserts only that the government modified the transcripts of those recordings by inserting Mr. McDaniel's name and removing "Unknown Male" just days prior to trial. As explained by Officer Jones at trial, officers monitoring the incoming intercepted phone calls during the investigation would prepare a draft of the content of those calls. According to the government, those drafts were then provided to defense counsel during discovery and, as further explained by Officer Jones at trial, those transcripts were not always accurate or complete for a variety of reasons. With respect to the recordings involving Mr. McDaniel, the transcripts provided to defense counsel during discovery indicated that one of the speakers was an "unknown male." By the time the transcripts were verified by investigators for purposes of trial, the investigators had determined that Mr. McDaniel was the speaker on certain calls and the transcripts were modified or corrected to reflect his identity. Importantly, the transcripts were admitted at trial for demonstrative purposes only, to aid the jury in their review of the recordings themselves.

---

[4] Because Mr. McDaniel cannot establish that he should have been identified in the wiretap applications, he cannot establish a violation of 18 U.S.C. § 2518(8)(d) for failing to supply an inventory from the wiretaps to all persons named in the application or order or a violation of § 2518(10)(a), which simply provides an "aggrieved person" the right to move to suppress any communication that was unlawfully intercepted.

Mr. McDaniel does not allege any prejudice in the modification of the transcripts or in the timing of that modification. He does not specify the nature of the objection that his counsel should have lodged and the court cannot discern an objection that would have been sustained. The claim is denied.

**Counsel's Withdrawal of Motion to Suppress**

Mr. McDaniel contends that his counsel was ineffective because he withdrew a motion to suppress the fruits of the November 26, 2007 search of his person and the vehicle that he was driving. His counsel withdrew the motion after the government indicated that it would not introduce at trial any evidence obtained from the stop—namely, the fact that a cell phone was seized from Mr. McDaniel and that the number assigned to that cell phone established or corroborated that Mr. McDaniel was the speaker on the recordings played at trial. Mr. McDaniel apparently believes that a successful suppression motion would have required the dismissal of the conspiracy count against him because, according to Mr. McDaniel, the cellular phone discovered by law enforcement on Mr. McDaniel's person during the stop was the reason that law enforcement ultimately targeted Mr. McDaniel as a potential co-conspirator during the course of their investigation. The suppression motion initially filed but subsequently withdrawn by trial counsel asserted that law enforcement stopped the vehicle without probable cause and then searched his vehicle without his consent while he was handcuffed and standing outside the vehicle.

Mr. McDaniel previously moved for a new trial in which he raised the suppression issue and the court rejected the argument because Mr. McDaniel made only a conclusory assertion

10

that the stop was absent probable cause and, with respect to the consent issue, it was "unconvinced the stop, even as described by Mr. McDaniel, would merit the exclusion of evidence given the Tenth Circuit's recent ruling in *United States v. McCane*, 2009 WL 2231658 (10th Cir. July 28, 2009)." As explained by the court at that time, even if Mr. McDaniel was correct that the police executed a search of his vehicle in violation of *Arizona v. Gant*, 129 S. Ct. 1710 (2009), the good faith exception to the exclusionary rule would apply under *McCane* and would allow the inclusion of the evidence seized in violation of the rule set out in *Gant*.

In his § 2255 petition, Mr. McDaniel again fails to offer any theory as to why the vehicle stop lacked probable cause and does not address the court's prior conclusion that *McCane* permits inclusion of the evidence even if the officers searched the vehicle in violation of *Gant*. The court, then, is not persuaded that any evidence from the stop should have been excluded. Moreover, the court advised the government during the limine conference that it was foreclosed from presenting evidence at trial of the cell phone having been seized during the stop based on its representation to Mr. McDaniel's counsel that it would not present such evidence (and counsel's reliance on that representation when he withdrew the motion). In essence, then, the court held that Mr. Daniel, despite his counsel's withdrawing the motion to suppress, was "entitled to proceed" on that motion in light of the government's representation. Consistent with that ruling, the government did not present any witnesses to testify about the car stop in question and no other evidence was presented concerning the seizure of the cell phone during the stop.

For the foregoing reasons, Mr. McDaniel's claim that his trial counsel's decision to withdraw the motion to suppress rises to the level of a Sixth Amendment violation is denied.

11

*See United States v. Fortune*, 41 Fed. Appx. 318, 319 (10th Cir. 2002) (counsel's failure to raise an issue cannot be deemed deficient where the issue lacks merit).

**Failure to Object to "Inflammatory Evidence"**

Mr. McDaniel asserts that his Sixth Amendment rights were violated because his trial counsel failed to object to the government's use of "inflammatory evidence" in connection with the playing of the recorded telephone conversations between Mr. McDaniel and his coconspirators. Specifically, Mr. McDaniel contends that his counsel should have objected to the government's use of a photograph of Mr. McDaniel that appeared on the jurors' video monitors when Mr. McDaniel's voice was heard on the recordings and the use of a prepared transcript of the recordings (also displayed on the jurors' video monitors) that included Mr. McDaniel's name as a speaker on the recordings. Mr. McDaniel asserts that they jury was permitted to rely on the image of Mr. McDaniel and the transcript identifying Mr. McDaniel as a speaker as evidence of Mr. McDaniel's guilt.

This claim is denied. The objections that Mr. McDaniel believes his counsel should have asserted might have had merit if the use of the photograph and the transcripts bearing Mr. McDaniel's name were the only items tying Mr. McDaniel to the voice on the recorded conversations. But three government witnesses established sufficient first-hand familiarity with Mr. McDaniels' voice to identify it on the recordings—Officer Jones; Danny Tarrants; and Agent McCue—and the Circuit affirmed the court's conclusion that the government through these three witnesses laid sufficient foundation to establish the authenticity of the recorded conversations.

Moreover, the transcripts were expressly admitted for demonstrative purposes only and the court provided the jury with detailed instructions concerning the purpose of the transcripts and the jury's use of the transcripts. The court advised the jury that the "actual evidence is what is said on the phone call itself" and that the transcript "is not admitted to prove that that is really what those calls say." The government did not suggest to the jury that the transcripts themselves proved Mr. McDaniel's guilt and Mr. McDaniel offers no persuasive argument that the use of the transcripts for demonstrative purposes could have been prejudicial to him. Thus, any objection to the admission of the transcripts for demonstrative purposes would likely have been meritless.

The photograph of Mr. McDaniel used in connection with the playing of the recorded conversations had been previously admitted through the testimony of Officer Jones, who identified Mr. McDaniel as the person depicted in the photograph. The government's subsequent use of the photograph for the jury's aid in connection with the playing of the telephone conversations was appropriate in the absence of any suggestion to the jury that the photograph somehow proved that Mr. McDaniel, in fact, was the speaker on the recordings. Because Mr. McDaniel cannot demonstrate that the government's use of the photograph was prejudicial to him, he cannot demonstrate that his counsel's failure to object to the use of the photograph rises to the level of a Sixth Amendment violation.

**Failure to Object to Government Calling Danny Tarrants as a Witness at Trial**

Mr. McDaniel next contends that his trial counsel was constitutionally deficient because he did not object to the government calling Danny Tarrants as a witness at trial. According to

13

Mr. McDaniel, the government's use of Mr. Tarrants as a witness was improper because Mr. Tarrants had no connection to the conspiracy in this case and testified only about events occurring prior to the start of the conspiracy charged in this case. The record does not support Mr. McDaniel's recollection of Mr. Tarrants's testimony. Mr. Tarrants testified that he met Mr. McDaniel in 2004 through drug trafficking activities and that he maintained consistent contact with Mr. McDaniel through June 2007. Mr. Tarrants testified at some length about how he regularly stored and distributed marijuana and cocaine for Mr. McDaniel and that he met Monterial Wesley through Mr. McDaniel. Mr. McDaniel has not established that Mr. Tarrants's testimony was objectionable in any respect and, thus, he cannot establish that his counsel was deficient for failing to object to that testimony.

**Appellate Counsel's Failure to Argue Cumulative Error**

Lastly, Mr. McDaniel alleges that his appellate counsel was ineffective because counsel failed to argue on appeal that the host of errors identified by Mr. McDaniel prejudiced Mr. McDaniel's right to a fair trial under the cumulative error doctrine. Mr. McDaniel cannot show that he suffered any prejudice as a result of his appellate counsel's failure to raise this issue on appeal because Mr. McDaniel has not identified two or more actual errors that occurred in connection with his conviction or sentence. *See Bunton v. Atherton*, 613 F.3d 973, 990 (10th Cir. 2010) (observing that "the cumulative error doctrine does not apply where . . . we have not found the existence of two more actual errors."). This claim, then, is denied. *United States v. Miller*, 464 Fed. Appx. 750, 752 (10th Cir.2012) ("Without pointing to a winning argument passed over by his attorney, [defendant] cannot make a case for ineffective assistance on

appeal.") (citing *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006) (counsel has no duty to raise meritless issues on direct appeal)).

**Certificate of Appealability**

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). With respect to the claims denied above, for the same reasons stated, Mr. McDaniel has not made a substantial showing of the denial of a constitutional right; the court therefore denies a certificate of appealability with respect to those issues.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (doc. 1551) is denied and his motion for discovery (doc. 1577) is denied.

**IT IS SO ORDERED.**

Dated this 5th day of June, 2013, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge