# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff/Respondent,**

**v.**                                                     **Case No. 07-20168-22-JWL**
                                                      **Case No. 13-2083-JWL**

**Keith McDaniel,**

    **Defendant/Petitioner.**

## MEMORANDUM & ORDER

On February 1, 2008, Keith McDaniel was charged along with twenty-three other individuals in a 39-count superseding indictment. Mr. McDaniel was charged in Count 1 with conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine and/or cocaine base, *see United States v. McDaniel,* 433 Fed. Appx. 701 (10th Cir. 2011), and in Count 34 with using a communication facility on November 26, 2007 to commit, cause and facilitate the conspiracy charged in Count I. He proceeded to trial on both counts. At trial, the court admitted into evidence multiple recorded telephone conversations between the conspirators which investigating officers had intercepted through wiretaps. *See id.* at 702. Seven of these conversations involved Mr. McDaniel. *Id.* The jury found Mr. McDaniel guilty of the conspiracy charged in Count 1 and not guilty on Count 34 and, thereafter, the court sentenced Mr. McDaniel to 360 months' imprisonment.

Mr. McDaniel filed an appeal with the Tenth Circuit in which he challenged the admissibility of the wiretap recordings that were attributed to him on the grounds that the government's witnesses failed to establish sufficient familiarity with Mr. McDaniel's voice to

identify it on the recordings; and the wiretap applications were deficient and the wiretaps were not necessary to the investigation. The Circuit affirmed the court's rulings, concluding that the admission of the recordings was supported by sufficient evidence to satisfy Federal Rule of Evidence 901 and that the court properly refused to suppress the wiretap evidence.

This matter is now before the court on Mr. McDaniel's motion for relief pursuant Federal Rule of Civil Procedure 59(e) (doc. 1597) in which Mr. McDaniel seeks relief from the court's June 5, 2013 memorandum and order denying Mr. McDaniel's motion to vacate under 28 U.S.C. § 2255. In his § 2255 motion, Mr. McDaniel asserted eight separate ineffective assistance claims. In his motion to reconsider, Mr. McDaniel challenges the court's ruling with respect to two of those claims. Specifically, Mr. McDaniel contends that the court erred in denying his claim that his counsel should have objected to or moved to suppress each of the recorded telephone conversations involving Mr. McDaniel on the grounds that because Mr. McDaniel was never identified as a target in any of the government's wiretap applications in violation of 18 U.S.C. § 2518(1)(b)(iv). He further contends that the court erred in denying his claim that his Sixth Amendment rights were violated because his trial counsel failed to object to the government's use of "inflammatory evidence" in connection with the playing of the recorded telephone conversations between Mr. McDaniel and his coconspirators.

The court lacks jurisdiction to consider the claims asserted by Mr. McDaniel. A Rule 59(e) motion must be construed as a successive petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *United States v. Simpson*, 2013 WL 1960601, at *2 (10th Cir. May 14, 2013) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (construing a Rule 60(b) motion); *United States v. Pedraza*,

466 F.3d 932, 933–34 (10th Cir. 2006) (holding that Rule 59(e) motions must be construed like Rule 60(b) motions in the second or successive habeas context)). Because Mr. McDaniel's motion unquestionably attacks the validity of his conviction, as opposed to asserting a defect in the integrity of the habeas proceeding, the motion is subject to authorization under § 2255(h). *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial of the merits of a claim for relief should be treated as a successive habeas petition."); *United States v. Baker*, 718 F.3d 1204, 1207-08 (10th Cir. 2013); *United States v. Medina*, 510 Fed. Appx. 749, 751 (10th Cir. Feb. 12, 2013) (where Rule 60(b) motion attacked underlying conviction, it was appropriately deemed a successive motion).

Finally, because it is not debatable that Mr. McDaniel's Rule 59(e) motion is actually a successive § 2255 motion, it is not in the interests of justice to transfer the petition to the Tenth Circuit. *See United States v. Castaneda*, 475 Fed. Appx. 309, 310 (10th Cir. Aug. 23, 2012). The court, then, dismisses the motion for lack of jurisdiction and denies a certificate of appealability.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for relief pursuant to Rule 59(e) (doc. 1597) is dismissed for lack of jurisdiction. The court declines to transfer the motion to the Tenth Circuit and denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated this 4th day of October, 2013, at Kansas City, Kansas.

        <u>s/ John W. Lungstrum</u>
        John W. Lungstrum
        United States District Judge