United States of America,

        Plaintiff,

v.                                   Case No. 07-20168-22-JWL
                                        Case No. 13-2083-JWL

Keith McDaniel,

        Defendant.

## MEMORANDUM & ORDER

Keith McDaniel was convicted by a jury of conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine and/or cocaine base and was sentenced to 360 months' imprisonment. Mr. McDaniel filed an appeal with the Tenth Circuit in which he challenged certain evidentiary rulings made the court and the Circuit affirmed the court's rulings. Mr. McDaniel then filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he asserted numerous claims for ineffective assistance of counsel. In June 2013, the court denied the motion and, in October 2013, the court dismissed for lack of jurisdiction Mr. McDaniel's subsequently filed motion for reconsideration of that order. In February 2014, the Circuit denied Mr. McDaniel's application for a certificate of appealability to appeal the court's denial of his § 2255 motion and dismissed the appeal.

This matter is now before the court on Mr. McDaniel's motion for recusal of the court (doc. 1651) from this case "and all cases involving" Mr. McDaniel. In support of the motion, Mr. McDaniel asserts that he has filed a disciplinary complaint against the court such that it

would be a conflict of interest for the court to rule on any and all future issues concerning Mr. McDaniel. The motion is denied.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *United States v. Mendoza*, 468 F.3d 1256, 1261 (10th Cir. 2006). A judge must also recuse himself if "he has a personal bias or prejudice concerning a party." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002). A trial judge must recuse himself "where there is an appearance of bias, regardless of whether there is actual bias." *Id*. "Disqualification is appropriate only where a reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Mendoza*, 468 F.3d at 1262. A judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Bryce*, 289 F.3d at 659. The recusal statute "should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice." *Id*. at 659-60.

The court has no knowledge of any disciplinary complaint filed by Mr. McDaniel. When such complaints are filed, the court, as a matter of course, receives a copy of the complaint. The court has not received a copy of any complaint filed by Mr. McDaniel. In his motion for recusal, Mr. McDaniel does not disclose the nature of his alleged complaint against the court nor does he specify any conduct on the part of the court that triggered the complaint. Mr. McDaniel, then, has shown no basis, much less a reasonable basis, for requiring the court's recusal in this matter. Even assuming that Mr. McDaniel has filed a complaint against the court, the mere filing of a complaint of judicial misconduct is not grounds for recusal. *See Smith v. Kansas*

*Dept. of Corrections,* 455 F.ed Appx. 841, 844 (10th Cir. Dec. 23, 2011) (district court properly concluded that he did not need to recuse from case based on plaintiff's filing of judicial misconduct complaint); *In re Evergreen Sec., Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009); *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). Indeed, "it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct." *Wojdacz v. Ireland*, 2013 WL 1342499, at *1 (D. Colo. Apr. 3, 2013) (quoting *In re Evergreen Sec.*, 570 F.3d at 1265). Finally, the court notes that Mr. McDaniel's motion is moot in any event because there are presently no motions pending in this case requiring resolution by the court.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for recusal (doc. 1651) is denied.

**IT IS SO ORDERED.**

Dated this 11th day of April, 2014, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge