**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

      **Plaintiff,**

v.                                              Case No. 07-20168-22-JWL

**Keith McDaniel,**

      **Defendant.**

**MEMORANDUM & ORDER**

Keith McDaniel was convicted by a jury of conspiracy to manufacture, to possess with intent to distribute, and to distribute cocaine and/or cocaine base and was sentenced to 360 months imprisonment. Mr. McDaniel filed an appeal with the Tenth Circuit in which he challenged certain evidentiary rulings made the court and the Circuit affirmed the court's rulings. Mr. McDaniel then filed a motion to vacate his sentence under 28 U.S.C. § 2255 in which he asserted numerous claims for ineffective assistance of counsel. In June 2013, the court denied the motion and, in October 2013, the court dismissed for lack of jurisdiction Mr. McDaniel's subsequently filed motion for reconsideration of that order. In February 2014, the Circuit denied Mr. McDaniel's application for a certificate of appealability to appeal the court's denial of his § 2255 motion and dismissed the appeal.

This matter is now before the court on Mr. McDaniel's motion for relief pursuant to Federal Rule of Civil Procedure 60(d)(3) motion and his related motion for expansion of the record and for an evidentiary hearing. In his Rule 60(d)(3) motion, Mr. McDaniel continues to press certain claims that he has pressed in numerous other filings—his claim that the

government committed a fraud on the court in connection with the government's wiretap applications and in connection with Agent McCue's credibility. The court lacks jurisdiction to consider the claims asserted by Mr. McDaniel. A Rule 60(b) motion must be construed as a successive § 2255 petition "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006). Conversely, it is a "true" 60(b) motion if it either "(1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Id*. at 1215-1216 (citations omitted). Because Mr. McDaniel's motion unquestionably attacks the validity of his conviction, as opposed to asserting a defect in the integrity of the habeas proceeding, the motion is subject to authorization under § 2255(h). *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) ("[A] Rule 60(b) motion that seeks to revisit the federal court's denial of the merits of a claim for relief should be treated as a successive habeas petition."); *United States v. Baker*, 718 F.3d 1204, 1207–08 (10th Cir. 2013); *United States v. Medina*, 510 Fed. Appx. 749, 751 (10th Cir. Feb. 12, 2013) (where Rule 60(b) motion attacked underlying conviction, it was appropriately deemed a successive motion).

Moreover, because it is not debatable that Mr. McDaniel's Rule 60(b) motion is actually a successive § 2255 motion, it is not in the interests of justice to transfer the petition to the Tenth Circuit. *See United States v. Castaneda*, 475 Fed. Appx. 309, 310 (10th Cir. Aug. 23, 2012). The court, then, dismisses the motion for lack of jurisdiction and denies a certificate of appealability. Finally, Mr. McDaniel's motion for expansion of the record and for an

evidentiary hearing, in which he seeks additional evidence relating to his Rule 60(b)(3) claims, is rendered moot because the court has no jurisdiction over the Rule 60(b)(3) claims.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for relief pursuant to Rule 60(b) (doc. 1677) is **dismissed** for lack of jurisdiction and the court declines to transfer the motion to the Tenth Circuit and denies a certificate of appealability. Mr. McDaniel's related motion for expansion of the record and for an evidentiary hearing (doc. 1676) is **denied as moot**.

**IT IS SO ORDERED.**

Dated this 10th day of March, 2015, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge