IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                        **Case No. 07-20168-22-JWL**

**Keith McDaniel,**

      **Defendant.**

## **MEMORANDUM & ORDER**

Following a federal jury trial, Keith McDaniel was convicted of various federal cocaine-related drug charges. The Tenth Circuit affirmed his conviction on direct appeal. *See United States v. McDaniel*, 433 F. App'x 701 (10th Cir. 2011). Mr. McDaniel then filed a pro se § 2255 habeas petition arguing that he received ineffective assistance of trial and appellate counsel. This court denied the petition in its entirety and denied the request for a hearing. In October 2013, the court dismissed for lack of jurisdiction Mr. McDaniel's subsequently filed motion for reconsideration of that order. In February 2014, the Tenth Circuit denied Mr. McDaniel's application for a certificate of appealability to appeal the court's denial of his § 2255 motion.

In March 2015, Mr. McDaniel returned to this court to continue his efforts to attack the integrity of his underlying conviction. He filed a motion for relief under Federal Rule of Civil Procedure 60(d)(3), which the court dismissed for lack of jurisdiction because that motion, in fact, was a successive § 2255 petition. The Circuit denied a certificate of appealability on that issue and confirmed that the Rule 60(d)(3) motion was a successive petition that the court was

not authorized to resolve. Subsequently, the Tenth Circuit denied Mr. McDaniel's motion for permission to file a second or successive § 2255 petition.

In January 2016, Mr. McDaniel sent the first of several letters to the court and to the Clerk of the Court challenging his conviction and sentence but not requesting any specific relief through any specific procedural mechanism. Those letters have been docketed in this case and the court, after cautioning Mr. McDaniel that any relief must be properly submitted to the court in the form of a motion filed with the Clerk, has taken no action with respect to those letters. Recently, the court received another letter from Mr. McDaniel in which he asks the court to appoint counsel to represent Mr. McDaniel to assist him in pursing certain claims relating to his conviction and this court's purported lack of jurisdiction in Mr. McDaniel's criminal case. Because Mr. McDaniel set forth a specific request in his letter, the court construed the letter as a motion and it was docketed as such. That motion is now denied.[1]

There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994). "[T]he right to appointed counsel extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Moreover, Mr. McDaniel, at this time, does not have any pending claims concerning his conviction or sentence. While his motion, liberally construed, makes allegations

---

[1] The day after the court received the letter containing Mr. McDaniel's request for appointment of counsel, the court received another letter from Mr. McDaniel in which he mentions the "*Holloway* doctrine" and suggests a desire to file something related to that doctrine. Although the court takes no action with respect to that letter because Mr. McDaniel, again, has failed to put his request in the form of a motion properly filed with the Clerk, the court notes that the "*Holloway* doctrine" requires the consent of the government which has not been obtained here. *See United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it.").

disputing the integrity of his conviction, there is no indication how those allegations would be construed as anything other than a successive petition over which the court has no jurisdiction. The court, then, discerns no reason to appoint counsel to Mr. McDaniel at this juncture.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for order (doc. 1791) is **denied**.

**IT IS SO ORDERED.**

Dated this 17th day of February, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge