## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

                **Plaintiff,**

**v.**                                                    **Case No. 07-20168-22-JWL**


**Keith McDaniel,**

                **Defendant.**

### MEMORANDUM & ORDER

    This matter is presently before the court on defendant Keith McDaniel's motion for appointment of counsel (doc. 1794) in which he expresses a belief that he qualifies for relief under *United States v. Mathis*, 136 S. Ct. 2243 (2016) and *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016). His motion is denied. *Hinkle* held that a conviction pursuant to § 481.112(a) of the Texas Health & Safety Code does not qualify as a "controlled substance offense" as defined by § 4B1.2 of the United States Sentencing Guidelines based upon the analysis explained in *Mathis*. Mr. McDaniel, then, seems to suggest that the underlying drug convictions used to enhance his sentence as a career offender under the Guidelines are not proper predicate offenses. Because any claims asserted by Mr. McDaniel under *Mathis* or *Hinkle* would be barred by the statute of limitations, there is no reason to appoint counsel to assist Mr. McDaniel with such claims. *See* 28 U.S.C. § 2255(f)(3) (extending limitations period when the "the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"); *United States v. Taylor*, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (*Mathis* did not announce a new rule and does not permit a successive habeas petition).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for order (doc. 1794) is **denied**.


**IT IS SO ORDERED.**


Dated this  22nd day of March, 2017, at Kansas City, Kansas.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

2