IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.     Case No. 07-20168-22-JWL

**Keith McDaniel,**

      **Defendant.**

### MEMORANDUM & ORDER

On May 17, 2017, defendant Keith McDaniel filed a motion for "sentence relief" in which he seeks a sentence reduction similar to that granted by Judge John Gleeson in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the court recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing." *Id*. at 314. The United States Attorney's Office ultimately agreed to the court's vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count. *Id*. at 311.

Because the so-called "*Holloway* doctrine" undisputedly requires the consent of the government, *see United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it."), the court issued an order directing the government to respond to Mr. McDaniel's motion. The government has filed a response indicating that it does not agree to a

sentence reduction; that the factual situation underlying *Holloway* is markedly different than the situation present here; and that *Holloway* relief is unwarranted in this case. In reply, Mr. McDaniel urges the court to grant *Holloway* relief in any event because his conviction and sentence are unjust.[1] He also contends that his sentence is particularly harsh compared to his codefendants, most of whom, according to Mr. McDaniel, have already been released from custody.

Mr. McDaniel's motion is denied. A sentence reduction under the circumstances in this case is certainly not what Judge Gleeson contemplated in *Holloway*. Mr. McDaniel received a low-end guideline sentence (360 months) for trafficking a significant amount of cocaine and crack cocaine and, in light of his extensive criminal history, he was sentenced as a career offender under the Guidelines. His sentence is not disproportionately severe in light of the offense charged or as compared to similarly situated offenders. In fact, most of Mr. McDaniel's codefendants who, like Mr. McDaniel, proceeded to trial are serving lengthy sentences similar to Mr. McDaniel's sentence. Those codefendants who have been released either entered guilty pleas or had substantially lower guideline ranges than Mr. McDaniel.[2] Mr. McDaniel's sentence, then, is not unduly harsh when compared to co-defendants who are similarly situated to Mr. McDaniel. Finally, Mr. McDaniel has never admitted guilt in this case or accepted responsibility for his conduct. In these circumstances, the government has reasonably withheld

---

[1] Separate from his reply brief, Mr. McDaniel has submitted a letter to the court in which he again asks for relief pursuant to *Holloway*. No additional action will be taken by the court with respect to that letter.

[2] One of Mr. McDaniel's co-defendants who proceeded to trial had his sentence commuted through executive clemency.

its consent to *Holloway* relief.  The court denies Mr. McDaniel's motion.  *See Buitrago v. United States*, 2016 WL 4366486, at *4 (S.D. Fla. Aug. 16, 2016) (refusing to ask the government to consider vacating convictions under *Holloway* despite defendant's good behavior in prison; sentence was not grossly disproportionate to offenses charged); *Acuna v. United States*, 2016 WL 3747531, at *4-5 (D. Hawaii July 8, 2016) (declining to "persuade" government to agree to a reduced sentence where *Holloway* was readily distinguishable and court was not required by mandatory guidelines or by statute to impose the sentence it did); *Wade v. United States*, 2015 WL 7732834, at *2 (D. Md. Nov. 30, 2015) (finding no basis to apply the benefits of the *Holloway* decision where sentence imposed was not excessive, harsh or disproportionately severe).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for sentence relief (doc. 1796) is **denied.**

**IT IS SO ORDERED.**

Dated this 26th day of July, 2017, at Kansas City, Kansas.

                                               s/ John W. Lungstrum
                                               John W. Lungstrum
                                               United States District Judge