IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                      Case No. 07-20168-22-JWL

**Keith McDaniel,**

    **Defendant.**

## **MEMORANDUM & ORDER**

Recently, defendant Keith McDaniel filed an amended motion to suppress the contents of wire intercepts pursuant to 18 U.S.C. § 2518(10)(a). The court dismissed that motion for lack of jurisdiction on the grounds that the motion, which challenged Mr. McDaniel's underlying conviction, constituted an unauthorized second or successive 28 U.S.C. § 2255 motion. Thereafter, Mr. McDaniel appealed the court's order to the Tenth Circuit. After filing his appeal, Mr. McDaniel filed a motion for reconsideration in this court and the Circuit has abated the appeal pending a resolution of that motion. In addition, the Circuit has asked the court to consider whether to issue a certificate of appealability.

Mr. McDaniel's motion for reconsideration is filed under Federal Rule of Civil Procedure 59(e). Grounds "warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion for reconsideration is appropriate where the court has misapprehended

1

the facts, a party's position, or the controlling law. *Id*. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *Id*. (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

Mr. McDaniel has not identified any appropriate basis for reconsideration of the court's prior memorandum and order. In large part, Mr. McDaniel simply reargues the merits of his amended motion to suppress and he asserts in conclusory fashion that the court does have jurisdiction over it. But Mr. McDaniel has failed to point to any clear error in the court's order or any other basis for reconsideration. He does not dispute the court's conclusion that the motion to suppress, in fact, seeks to challenge Mr. McDaniel's underlying conviction such that it must be construed as a successive § 2255 motion. He does not dispute that he failed to obtain authorization for the motion. Reconsideration is not appropriate and the motion is denied.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). In addition, when the court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Under this standard, the court declines to issue a certificate of appealability. Reasonable jurists could

not debate the court's decision to treat Mr. McDaniel's motion to suppress as an unauthorized second § 2255 motion and to dismiss that motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion for reconsideration (doc. 1818) is **denied** and the court **declines to issue a certificate of appealability** with respect to the court's order dismissing the motion to suppress for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 2nd day of January, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
