# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

**v.**           Case No. 07-20168-22-JWL

**Keith McDaniel,**

    **Defendant.**

## MEMORANDUM & ORDER

Following a federal jury trial, Keith McDaniel was convicted of various federal cocaine-related drug charges. The Tenth Circuit affirmed his conviction on direct appeal. *See United States v. McDaniel*, 433 Fed. Appx. 701 (10th Cir. 2011). Mr. McDaniel then filed a pro se § 2255 habeas petition arguing that he received ineffective assistance of trial and appellate counsel. This court denied the petition in its entirety and denied the request for a hearing. In February 2014, the Tenth Circuit denied Mr. McDaniel's application for a certificate of appealability to appeal the court's denial of his § 2255 motion.

In February 2018, Mr. McDaniel filed a motion asking the court to review in camera the grand jury testimony of Officer Eric Jones. The court construed the motion as an unauthorized successive § 2255 motion and dismissed it for lack of jurisdiction. Mr. McDaniel then sought permission from the Circuit to file the motion and the Circuit denied authorization because his motion failed to meet the requirements of § 2255(h)(1). Mr. McDaniel has now filed a motion for an order requiring the government to produce the grand jury transcripts, particularly Eric Jones' testimony, pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii). The motion is denied.

In relevant part, Rule 6(e)(3)(E)(ii) provides that the court may authorize the disclosure of a grand-jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." *See* Fed. R. Crim. P. 6(e)(3)(E)(ii). The Tenth Circuit has recognized a presumption against disclosure of grand jury testimony unless the moving party satisfies the Supreme Court's *Douglas Oil* test. *United States v. Edge*, 315 Fed. Appx. 92, 96 (10th Cir. 2009) (citing *In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991)). Under *Douglas Oil*, parties seeking grand jury materials pursuant to Rule 6(e) must show a "particularized need" and "that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* (quoting *In re Lynde*, 922 F.2d at 1451-52 (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979))). The most significant of these factors is that the party seeking disclosure must sufficiently demonstrate the requisite "particularized need." *In re Lynde*, 922 F.2d at 1452.

Mr. McDaniel presents neither a particularized need nor adequately overcomes the presumption against disclosure of the grand jury materials. According to Mr. McDaniel, Eric Jones likely testified to the grand jury that he became aware of Mr. McDaniel only through a November 2007 stop of a vehicle that Mr. McDaniel was driving and the seizure of a cellular phone during that stop. Mr. McDaniel asserts that Eric Jones' testimony will demonstrate that the "only evidence" linking him to the alleged conspiracy was the phone obtained during the car stop. Because the government, in response to Mr. McDaniel's motion to suppress, agreed not to present evidence concerning the car stop (including the fact that the cell phone was seized during the

2

stop), Mr. McDaniel apparently believes that the evidence at trial was insufficient to sustain the conspiracy conviction. He also contends that Eric Jones' presumed testimony demonstrates "prosecutorial overreach."

Mr. McDaniel made this same argument in his § 2255 petition—and sought Mr. Jones' grand jury testimony at that time—and the court rejected it. *See United States v. McDaniel*, 2013 WL 2449499, at *5 (D. Kan. June 5, 2013) ("Mr. McDaniel apparently believes that a successful suppression motion would have required the dismissal of the conspiracy count against him because, according to Mr. McDaniel, the cellular phone discovered by law enforcement on Mr. McDaniel's person during the stop was the reason that law enforcement ultimately targeted Mr. McDaniel as a potential co-conspirator during the course of their investigation."). Mr. McDaniel, then, has not shown the requisite particularized need for Eric Jones' testimony. Moreover, the arguments advanced by Mr. McDaniel necessarily would have to be presented in a successive § 2255 petition and Mr. McDaniel makes no showing that such a petition would meet the requirements of § 2255(h)(1).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion to produce grand jury testimony (doc. 1838) is **denied**.

**IT IS SO ORDERED.**

Dated this 25th day of April, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
