# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

    **Plaintiff,**

v.                                                                   Case No. 07-20168-22-JWL

**Keith McDaniel,**

    **Defendant.**

## MEMORANDUM & ORDER

Following a federal jury trial, Keith McDaniel was convicted of various federal cocaine-related drug charges and sentenced to 360 months' imprisonment. The Tenth Circuit affirmed his conviction on direct appeal. *See United States v. McDaniel*, 433 Fed. Appx. 701 (10th Cir. 2011). Mr. McDaniel then filed a pro se § 2255 habeas petition arguing that he received ineffective assistance of trial and appellate counsel. This court denied the petition in its entirety and denied the request for a hearing. In February 2014, the Tenth Circuit denied Mr. McDaniel's application for a certificate of appealability to appeal the court's denial of his § 2255 motion.

This matter is presently before the court on a motion that Mr. McDaniel has labelled "Pursuant to Holloway, REQUEST FOR COMPASSION & LENIENCY THROUGH THE COURT'S SUA SPONTE & EQUITABLE AUTHORITY TO RECONSIDER SENTENCE TO CORRECT INJUSTICE WITH THE GOVERNMENT'S PERMISSION." In that motion, Mr. McDaniel asks the court to reduce his sentence to time served. The motion is denied in part and dismissed in part.

The court begins with Mr. McDaniel's reference to "Holloway" and the "government's permission." The court presumes that Mr. McDaniel is referencing *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the court recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing." *Id*. at 314. The United States Attorney's Office ultimately agreed to the court's vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count. *Id*. at 311. The so-called "*Holloway* doctrine" undisputedly requires the consent of the government. *See United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it.").

It is unclear whether Mr. McDaniel is again seeking relief based on the *Holloway* doctrine.[1] He does not mention the *Holloway* decision in the body of his motion and he does not indicate that the government has consented to relief pursuant to that decision. The substance of Mr. McDaniel's request is solely a plea of mercy directed to the court. Moreover, in its response to the motion, the government objects to any relief pursuant to *Holloway*. The court, then, denies Mr. McDaniel's motion to the extent it is based on *Holloway*.

To the extent Mr. McDaniel's motion is directed to the court's discretionary authority, the motion is dismissed for lack of jurisdiction. "A district court does not have inherent

---

[1] In May 2017, Mr. McDaniel filed a motion for "sentence relief" based on the *Holloway* decision which the court denied after the government indicated it did not consent to such relief.

authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Mr. McDaniel does not articulate any statutory basis for his motion and the court lacks jurisdiction to grant what is in essence a plea for mercy. The motion must be dismissed. *See Sorrells v. United States*, 287 U.S. 435, 449-50 (1932) (clemency is the exclusive function of the Executive; federal courts do not have the inherent authority to free defendants who have been convicted on an offense).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. McDaniel's motion (doc. 1850) is denied in part and dismissed in part.

**IT IS SO ORDERED.**

Dated this 22nd day of August, 2018, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
