IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-20168-22-JWL |
| ) | |
| KEITH MCDANIEL, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

**MEMORANDUM AND ORDER**

In 2009, defendant Keith McDaniel was convicted of participating in a drug-trafficking conspiracy and was sentenced to 360 months imprisonment. Mr. McDaniel is presently incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri and his anticipated release date is September 23, 2033. This matter is presently before the court on Mr. McDaniel's motion for compassionate release (doc. 1926). For the reasons set forth below, the motion is denied.

A court may reduce a term of imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). The moving defendant bears the burden of establishing that such a "compassionate release" is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes

a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[1]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

---

[1] The statute allows a defendant to bring a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Mr. McDaniel's motion indicates that he submitted a written request for relief to the warden of his facility seeking release in light of his hypertension. In response, the government asserts that because Mr. McDaniel did not ask the warden to consider his Graves' disease, he has not satisfied the exhaustion requirement as to that condition. The court rejects this argument. The warden had access to Mr. McDaniel's medical records, and Mr. McDaniel relied generally on his medical condition in making his request. *United States v. Rucker*, 2020 WL 4365544, at *1 (D. Kan. July 30, 2020). Therefore, the court concludes that Mr. McDaniel has satisfied the exhaustion requirement with respect to his arguments herein, and the court thus has jurisdiction to consider the totality of those arguments.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* Mr. McDaniel does not suggest that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D) Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case. Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant

3

relief under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that Mr. McDaniel has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison.

The record supports a finding that Mr. McDaniel presently has Graves' disease (Mr. McDaniel uses "Graves' disease" and "hyperthyroidism" interchangeably in his submissions) and hypertension, and Mr. McDaniel asserts that these conditions render him particularly susceptible to COVID-19 and increase his risk of harm in the event that he contracts the virus.[2] Neither condition has been identified by the CDC as one that places a person at an increased risk of severe illness from COVID-19. S*ee* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 27, 2020). While the CDC has concluded that persons with hypertension "might" be at an increased risk, and the court assumes that Graves' disease might present an increased risk, the medical records reflects that, in Mr. McDaniel's case, these conditions are well controlled with medication, are being properly treated and monitored by prison medical staff, and are not particularly severe or complex. The medical records reveal that Mr. McDaniel, in late 2019, was diagnosed with hyperthyroidism secondary to Graves' disease, was prescribed medication to treat that condition, and did not have any "extrathyroidal manifestations" of Graves' disease.

---

[2] In passing, Mr. McDaniel asserts that he also suffers from anemia, sinusitis and headaches relating to Graves' disease. He does not suggest that these conditions increase his risk of harm if he contracts COVID-19.

Additional records indicate that Mr. McDaniel responded well to the medication, that his hyperthyroidism is becoming "less symptomatic," and that prison medical staff have adjusted Mr. McDaniel's medications as necessary. While Mr. McDaniel contends that his "treatment" for Graves' disease is "not working," he fails to explain that assertion and the medical records do not support it. Thus, when Mr. McDaniel's medical records are viewed in tandem with the CDC guidelines, the evidence does not support a finding that Mr. McDaniel is at a higher risk for severe illness due to COVID-19. Moreover, with only two active COVID cases among the inmate population and one active COVID case among the staff, MCFP Springfield appears to be effectively responding to and defending against the threats of the virus. In similar circumstances, courts have typically denied compassionate release. *See United States v. Loza*, 2020 WL 4915667, at *2 (N.D. Ind. Aug. 21, 2020) (underlying health conditions of hyperthyroidism, tachycardia, and obesity did not warrant compassionate release where defendant did not demonstrate that conditions were particularly severe or complex or that prison staff was not adequately treating conditions); *United States v. Gustafson*, 2020 WL 4877252, at *7 (W.D. Pa. Aug. 20, 2020) ("[T]here appears to be a general consensus that . . . hyperthyroidism alone is not currently known to be a specific risk factor for COVID-19 complications."); *United States v. Pimm*, 2020 WL 4784810, at *3 (D. Utah Aug. 18, 2020) (denying motion for compassionate release despite hypertension and hyperthyroidism conditions where hypertension "might" increase the symptoms of COVID-19 but there was no indication that hyperthyroidism caused severe cases of COVID-19); *United States v. Ewings*, 2020 WL 4788025, at *2 (E.D. Mich. Aug. 17, 2020) (denying motion for compassionate release where hypertension was controlled

by medication); *Saxon v. United States*, 2020 WL 4548078, at *3 (S.D.N.Y. Aug. 5, 2020) (hypertension and hyperthyroidism did not render inmate particularly vulnerable to COVID-19 complications; motion denied); *United States v. Jackson,* 2020 WL 4333564, at *1 (E.D. Ark. July 27, 2020) (Graves' disease and hypertension did not amount to an "extraordinary and compelling" reason warranting release); *United States v. Armstrong*, 2020 WL 4226520, at *5 (M.D. Pa. July 23, 2020) (denying motion for compassionate release where there was no reason to believe that the BOP cannot adequately treat inmate's Graves' disease); *United States v. Tartaglione*, 2020 WL 3969778, at *6 (E.D. Pa. July 14, 2020) (motion denied because hypertension and hyperthyroidism "are not the kind of conditions that place [inmate] at a uniquely high risk of grave illness or death if infected by COVID-19"); *United States v. Poncedeleon*, 2020 WL 3316107, at *2 (W.D.N.Y. June 18, 2020) (denying defendant's motion for compassionate release in part because seizures, hyperthyroidism, anxiety, bipolar disorder, depression and migraines "are not believed to present a higher risk of complications"); *United States v. Melgarejo*, 2020 WL 2395982, at *4 (C.D. Ill. May 12, 2020) ("Although hypertension is a risk factor for COVID-19 complications, Defendant does not allege that his condition is particularly severe or not controlled with medication.").[3]

---

[3] Mr. McDaniel directs the court to several cases in which he contends that "hypertension alone" justified compassionate release. Each case cited by Mr. McDaniel is distinguishable from this case in key respects. *See United States v. Scparta*, 2020 WL 1910481, at *1, 9 (S.D.N.Y. Apr. 20, 2020) (BOP agreed that inmate should be released in light of severe outbreak at facility and multiple health issues of inmate); *United States v. Gorai*, 2020 WL 1975372, at *2-3 (D. Nev. Apr. 24, 2020) (granting motion based on inmate's severe asthma and severity of outbreak at facility); *United States v. Salvagno*, Continued…

Lastly, this is not a case in which the inmate has only a short time left to serve. Mr. McDaniel has more than 12 years remaining on his sentence and the government maintains a valid public interest in incarcerating him in accordance with the terms of that lawful sentence. Accordingly, for the foregoing reasons, the court in its discretion concludes that Mr. McDaniel has not shown that extraordinary and compelling reasons warrant his release from prison.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #1926) is **denied.**

**IT IS SO ORDERED.**

Dated this 31st day of August, 2020, at Kansas City, Kansas.

> *s/ John W. Lungstrum*
> John W. Lungstrum
> United States District Judge

---

2020 WL 3410601, at *5 (N.D.N.Y. Apr. 23, 2020) (granting motion in light of significant outbreak at facility); *United States v. Sawicz*, 2020 WL 1815851, *2-3 (E.D.N.Y. Apr. 10, 2020) (motion granted where inmate was scheduled for release in just 5 months and outbreak at his facility was severe); *United States v. Lavy*, 2020 WL 3218110, at *1, 4-5 (D. Kan. June 15, 2020) (granting motion in light of mental health conditions in addition to hypertension).