IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

v.                                                                                       Case No. 07-20168-22-JWL

**Keith McDaniel,**

        **Defendant.**

## **MEMORANDUM & ORDER**

In May of 2009, a jury convicted the defendant of conspiring to manufacture, possess with the intent to distribute, and distribute crack cocaine and cocaine. The Court sentenced defendant to 360 months incarceration. The Tenth Circuit affirmed defendant's conviction and sentence. Defendant moved to vacate his conviction pursuant to 28 U.S.C. § 2255; the Court denied that motion and the Tenth Circuit again affirmed. Mr. McDaniel also filed a number of pro se challenges to his conviction and sentence; all were denied.

The matter is now before the court on defendant's motion (Doc. 2057) for a sentence reduction pursuant to § 404 of the First Step Act. The Tenth Circuit has endorsed a two-step procedure for resolving such motions. First, the Court must determine whether the defendant is eligible for a sentence reduction under § 404. Second, the Court will apply the traditional sentencing factors under 18 U.S.C. § 3553(a) to determine whether a reduction is appropriate. *United States v. Price*, 44 F.4th 1288, 1290, 1293 (10th Cir. 2022).

The government does not oppose defendant's request. As will be explained, the court grants the motion and reduces defendant's sentence to time served.

1. **Eligibility**

To be eligible for a sentence reduction under § 404, the defendant must have previously received a sentence for a "covered offense". *Terry v. United States*, 141 S.Ct. 1858, 1862 (2021). As the Supreme Court explained in *Terry*, violations of 21 U.S.C. § 841(b)(1)(A) involving crack cocaine are covered offenses. Because defendant was convicted of conspiring to violate § 841(b)(1)(A), and that violation involved crack cocaine, the Court finds that he is eligible for a sentence reduction. *United States v. Broadway*, 1 F.4th 1206, 1211 (10th Cir. 2021) (To determine eligibility, "a district court should look to the minimum drug quantity associated with an eligible defendant's offense of conviction, rather than his underlying conduct").

2. **18 U.S.C. § 3553(a) factors**

The Court is also persuaded that a sentence reduction to time served is an appropriate § 3553(a) sentence. See 18 U.S.C. § 3582(c)(1)(A) (requiring the consideration of applicable § 3553(a) factors if court finds that extraordinary and compelling reasons warrant reduction). The § 3553(a) factors include (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. See 18 U.S.C. § 3553(a)(1)–(6). Applying those factors here, the court reduces defendant's sentence to time served.

The Supreme Court has recently clarified that the "First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence

pursuant to the First Step Act." *Concepcion v. United States*, 142 S.Ct. 2389, 2396 (2022). So, the Court can consider defendant's rehabilitation as part of the § 3553(a) analysis.

This case is unique; defendant was released more than a year ago pursuant to the Bureau of Prisons' authority under the CARES Act. PL 116-136, Mar. 27, 2020, 134 Stat. 281. The CARES Act permitted the Bureau to release a carefully screened subset of inmates with low security scores, good conduct, low recidivism scores, and a demonstrated re-entry plan. [https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf](https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement.pdf). Defendants released under the CARES Act remain on home confinement, and are still technically in the custody of the Bureau of Prisons. Because the Bureau selected defendant for release, the Court has a much fuller picture of the facts relevant to the exercise of its discretion under § 3553(a).

Those facts lead the Court to conclude that a sentence reduction to time served is appropriate. Since his release, defendant has accomplished the baseline tasks the Court would expect, such as finding employment and complying with the conditions of his supervision. What persuades the Court that a time served sentence is appropriate here is the extraordinary ties Mr. McDaniel has forged to his community. His employer characterizes Mr. McDaniel as reliable, productive, trusted, and hardworking. His supervision officer calls Mr. McDaniel a "model resident". His pastor explains that Mr. McDaniel ministers to youth, using his past to lead by example. The Court concludes that Mr. McDaniel's "exemplary post sentencing conduct may be taken as the most accurate indicator of his present purposes and tendencies", making a time served sentence appropriate under § 3553(a). *Pepper v. United States*, 562 U.S. 476, 491-2 (2011). The defendant's motion is hereby granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion (Doc. 2057) for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is granted and the court reduces defendant's sentence to time served.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's term of supervised release will begin immediately upon his release from the Bureau of Prisons. All previously imposed terms and conditions of defendant's supervised release shall remain in effect.

**IT IS SO ORDERED.**

Dated this 21st day of September, 2022, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge